UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
-
U.S. BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE FOR THE
RMAC TRUST, SERIES 2016-CTT,

                            Plaintiff,

                    -against-

RYSZARD KOZIKOWSKI, ANNA
CHELSTOWSKA, CZESLAW
CHELSTOWSKI, CLERK OF THE
SUFFOLK COUNTY DISTRICT COURT,
CLERK OF THE SUFFOLK COUNTY
TRAFFIC AND PARKING VIOLATIONS
AGENCY,

                            Defendants.
-------------------------------------------------------- X
-

**REPORT AND
RECOMMENDATION**
19 CV 0783 (DLI) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On February 8, 2019, plaintiff U.S. Bank National Association ("U.S. Bank" or "plaintiff") commenced this action, pursuant to New York Real Property Actions and Proceeding Law ("RPAPL"), Article 13, seeking to foreclose on a mortgage encumbering 99 Wilson Avenue, Amityville, N.Y. 11701, a/k/a 99 Wilson Avenue, Amityville Harbor, N.Y. 11701.  On June 5, 2019, plaintiff filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

In light of CIT Bank N.A. v. Schiffman, 948 F.3d 529 (2d Cir. 2020), in which the Second Circuit certified two questions to the New York Court of Appeals, it is respectfully recommended that the default judgment be denied without prejudice to renew, and that this case be stayed pending resolution of Schiffman.

## FACTUAL BACKGROUND

The Complaint alleges that on or about October 19, 2006, defendant Ryszard Kozikowski executed a Note in the amount of $290,800.00, secured by a Mortgage, encumbering 99 Wilson Avenue, in Amityville, N.Y. (the "Property"). (Compl.[1] ¶ 1). In addition to Kozikowski, defendants Anna Chelstowska and Czeslaw Chelstowski, who are alleged to be owners of the Property along with Kozikowski, executed and delivered the Mortgage. (Id. ¶¶ 4, 5, 6, 13, 14).

According to the Complaint, the mortgage was thereafter assigned to BAC Home Loan Servicing, LP FKA Countrywide Home Loans Servicing LP, and then assigned again to Nationstar Mortgage LLC. (Id. ¶¶ 15, 16). A Loan Modification Agreement was executed by Kozikowski on March 29, 2016, in which he agreed to pay taxes on the modified amount. (Id. ¶ 17). Thereafter, the Mortgage was assigned to the plaintiff U.S. Bank, as Trustee for the RMAC Trust, Series2016-CTT.[2] (Id. ¶ 18). Plaintiff alleges that it is the owner and holder of the Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. (Id. ¶ 2).

The Complaint alleges that defendants Kozikowski, Chelstowska and Chelstowski failed to make payments under the loan, beginning with the payment due February 1, 2016, and continuing with subsequent payments thereafter. (Id. ¶ 19). As of the date of the filing of the Complaint, plaintiff alleges that the following amounts are due and owing on the Note: 1) a principal balance of $396,242.80; 2) interest calculated at the rate of 3.9% from January 1, 2016; 3) deferred balance of $169,818.35; 4) late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property; and 5) costs, allowances, the expenses

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on February 8, 2019, ECF No. 1.
[2] U.S. Bank National Association is a national banking association with its main office as set forth in its Articles of Association at 425 Walnut Street, Cincinnati, Ohio 45202. (Compl. ¶ 2).

of sale and reasonable attorney's fees.  (Id. ¶ 20).  Plaintiff alleges that it complied with the notice provisions of the Real Property Actions and Proceedings Law ("RPAPL") and the Mortgage and filed the appropriate information as required by the RPAPL.  (Id. ¶ 22 (citing RPAPL §§ 1304, 1306)).  Plaintiff also avers that no other action has been brought to recover any part of the Mortgage, or if it has, there was no final judgment entered for plaintiff.  (Id. ¶ 23).

Plaintiff seeks a judgment accelerating the maturity of the debt and determining damages due to plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance of the property, along with costs, the expenses of sale and attorney's fees.  (Id. at 4).  In addition, plaintiff seeks an order appointing a referee in accordance with RPAPL Article 13; that the Property be sold; and that the sale of the proceeds of the Property be used to pay plaintiff for the damages owed.  (Id.)  Finally, plaintiff seeks a deficiency judgment against Ryszard Kozikowski to the extent that the additional amounts are still due plaintiff after the distribution of the sale proceeds.[3]  (Id.)

Plaintiff filed the Complaint on February 8, 2019.  Despite proper service of the Summons and Complaint, defendants failed to answer or otherwise move and the Clerk of Court entered a Certificate of Default against them on April 25, 2019.  Plaintiff now moves for entry of a default judgment.[4]

---

[3] Although Mr. Kozikowski, Mr. Chelstowski, and Ms. Chelstowska all signed the Mortgage, only Mr. Kozikowski signed the Note.  The Mortgage states that if a mortgagor signs the Mortgage, but not the Note, "that Person is not personally obligated to pay the Sums Secured."  (See Mortgage ¶ 13, attached as Exhibit B to Declaration of Stephen J. Vargas in Support of Motion for Default Judgment, ECF No. 22-2).  Thus, by the terms of the Mortgage, only Mr. Kozikowski is liable for the amount due under the Note.  See CIT Bank v. Dambra, No. 14 CV 3951, 2015 WL 7422348, at *2 (E.D.N.Y. Sept. 25, 2015), report and recommendation adopted by 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015).  According to the Affidavit of Service of Nicolas M. Nagle, Legal Assistant to the firm of Gross Polowy, LLC, the Notice of Motion for a Default Judgment of Foreclosure and Sale was served on all defendants by mail, satisfying the requirement of Fed. R. Civ. P. 5(b).

[4] Due to the COVID-19 pandemic, there is currently a moratorium on mortgage foreclosures for

DISCUSSION

**A. Legal Standard**

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, the Clerk of Court enters the default pursuant to Rule 55(a) by recording a notation of the party's default on the docket maintained by the Clerk.  See id.; FED R. CIV. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default").  Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment.  See FED. R. CIV. P. 55(b).

The Second Circuit has cautioned that default judgment is an extreme remedy, and therefore should be entered only as a last resort.  See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).  Although the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that district courts must balance that interest with the responsibility to "[afford] litigants a reasonable chance to be heard."  Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.  Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and all doubts should be resolved in favor of the defaulting party.  Id.  Consequently, a plaintiff is not entitled to a default judgment and any concomitant damages as a matter of right simply by virtue of a defendant's procedural default.

---

homeowners with FHA-insured mortgages covered under the CARES Act.  See 15 U.S.C.A. § 9056(c)(2).  The Court proceeds on the basis of plaintiff's assurances that the CARES Act does not apply to the subject property in this case.  See ECF No. 24.

See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including: (1) whether the grounds for default are clearly established; (2) whether the claims were pleaded adequately in the complaint, thereby placing defendants on notice of the relief sought, see Fed. R. Civ. P. 54(c) (providing that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96; cf. King v. STL Consulting, LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated when a court awards damages that accrued during the pendency of litigation, so long as the complaint provided notice that the plaintiff may seek such damages); and (3) the amount of money potentially involved—the more money involved, the less justification for entering default judgment.  Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992).  Additionally, "the Court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff[s] ha[ve] been substantially prejudiced by the delay involved, and whether the default judgment may have a harsh effect on the defendant[s]."  Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012) (internal citations omitted).

When a defendant defaults, the defendant is deemed to have admitted every well-pleaded allegation of the complaint, "except those relating to damages."  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65; Wing v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995); Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986).  The Court, however, must

review the allegations in the complaint to determine if the elements of each claim have been

adequately pleaded.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65

### B.   Analysis – Compliance with RPAPL Requirements

1)   Notice and Filing Requirements Under RPAPL

New York Real Property Actions and Proceedings Law requires a lender to send notice to

a mortgagor, by both first-class mail and registered or certified mail, at least 90 days before

commencement of any foreclosure action.  N.Y. Real Prop. Acts. Law §§ 1304(1), (2);  CIT

Bank N.A. v. Schiffman, 948 F.3d at 533 (2d Cir. 2020).  In foreclosure cases, the Court "must

determine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment

motion, because failure to comply with § 1304 is a sufficient basis to deny foreclosure relief."

US Bank National Association as Trustee for RMAC Trust, Series 2016-CTT v. Christian, No.

19 CV 0427, 2020 WL 3918566, at *3 (E.D.N.Y. Feb. 25, 2020) (citations omitted).

"Conclusory statements of compliance with RPAPL's requirements," standing alone, will not

suffice to establish the notices were sent."  Wilmington Sav. Fund Soc'y, FSB v. White, No. 17

CV 2288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019).  Instead, compliance can be

established "with proof of the actual mailings, such as affidavits of mailing or domestic return

receipts with attendant signatures, or proof of a standard office mailing procedure designed to

ensure that items are properly addressed and mailed, sworn to by someone with personal

knowledge of the procedure."  CIT Bank N.A. v. Schiffman, 948 F.3d at 533.

As an additional precondition of a foreclosure action, Section 1306 of the RPAPL

requires "that a plaintiff . . . file 'the information required by [Section 1306(2)]' within three

business days of mailing a § 1304 notice."  Schiffman, 948 F.3d at 535 (quoting N.Y. Real Prop.

Acts. Law § 1306(1)).  The filing must contain "at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." Id. (quoting N.Y. Real Prop. Acts. Law § 1306(2)) (internal quotations omitted).

    2)  <u>Questions Certified to the Court of Appeals</u>

In <u>CIT Bank N.A. v. Schiffman</u>, the District Court granted plaintiff CIT Bank N.A.'s ("CIT") motion for summary judgment.  The defendants appealed to the Second Circuit on the grounds that CIT allegedly failed to comply with the pre-foreclosure procedures required by RPAPL §§ 1304 and 1306.

With respect to Section 1304, the bank's notices to the defendants were dated one year after the default on the mortgage obligations; the Second Circuit found that the gap in time between the default and the Notice cast "doubt on whether CIT offered adequate 'proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed.'" <u>CIT Bank N.A. v. Schiffman</u>, 948 F.3d at 534.  Since the Second Circuit did not find any controlling New York State authority on that question, the court certified the following question to the Court of Appeals:

> Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?

<u>Id.</u> at 535.

The defendants in <u>CIT Bank N.A. v. Schiffman</u> also argued that the plaintiff failed to comply with Section 1306 because only one of two borrowers was listed on the filing statement.

Id.  Finding "no decisions from the New York Court of Appeals or the Appellate Division that address whether § 1306 imposes an analogous obligation," the Second Circuit certified another question to the Court of Appeals:

> Where there are multiple borrowers on a single loan, does RPAPL § 1306 require that a lender's filing include information about all borrowers, or does § 1306 require only that a lender's filing include information about one borrower?

Id. at 537.

Although there are distinctions between this case and CIT Bank N.A. v. Schiffman, the Court of Appeals' answer to the certified questions may affect how this Court  evaluates U.S. Bank's compliance with RPAPL §§ 1304 and 1306.[5]


3)  Compliance with Notice Requirement

In the instant case, plaintiff submitted the mailing labels and contents of the 90-day notices purportedly sent to Mr. Kozikowski, Mr. Chelstowski, and Ms. Chelstowska on April 25, 2018 to support of its assertion that it complied with the Section 1304 notice requirement (Compl. ¶ 22; see Jenkins Aff.[6] at 30–95).  The April 25, 2018 date is more than two years after

---

[5] The Court recognizes that the questions of compliance with RPAPL §§ 1304 and 1306 are presented in this case in the context of a default motion, while the court in CIT Bank N.A. v. Schiffman was presented with a contested motion for summary judgment.  See 948 F.3d at 531.  Courts in this district review compliance with these requirements even on a motion for default.  See, e.g., Freedom Mortgage Corp. v. Bullock, et al., No. 19 CV 0664, 2020 WL 6047425, at *3 (E.D.N.Y. Oct. 13, 2020) (considering adequacy of  Section 1304 notice and Section 1306 filing on motion for default); Freedom Mortgage Corp. v. Powell, No. 18 CV 4265, 2020 WL 4932145, at *4 (E.D.N.Y. Aug. 24, 2020) (considering Section 1304 compliance on motion for default).   Even though the defendants in this case have not denied receipt of the Notice, challenged U.S. Bank's standard office mailing procedure, or challenged the adequacy of the filing statement, the Court nonetheless observes that U.S. Bank's papers on their face raise questions regarding its compliance with RPAPL §§ 1304 and 1306. The New York Court of Appeals may clarify these issues when it answers the certified questions.

[6] Citations to "Jenkins Aff." refers to the Affidavit of Plaintiff, executed by Justin Jenkins, Assistant Vice President of Rushmore Loan Management Services LLC, appointed Attorney In Fact for U.S. Bank, not in its individual capacity but as Trustee for RMAC Trust Services 2016-CTT, dated May 23, 2019, ECF No. 22-6.

the alleged default date of February 1, 2016, longer than the time period at issue in <u>CIT Bank</u> <u>N.A. v. Schiffman</u>.  The mailing labels for each defendant bear a first-class postage paid stamp, but these stamps are not postmarked.  (<u>See</u> Jenkins Aff. at 30, 52, 74).  Plaintiff has not provided any mailing receipts or other proof of actual mailing.  This type of submission has been held to be  inadequate to establish that notice by first-class mail occurred.  <u>See</u> <u>Miss Jones, LLC v.</u> <u>Viera</u>, No. 18 CV 1398, 2020 WL 1527141, at *3 (E.D.N.Y. Mar. 31, 2020) (finding "no conclusive evidence" of mailing where envelopes were franked but not postmarked).  Also absent from plaintiff's submission was any proof of notice by certified or registered mail.  Nor does plaintiff provide an adequate substitute for such proof, because its affidavit fails to name the individual who mailed the notice or affirm that the affiant personally mailed the notice.  (Jenkins Aff. ¶ 7).  <u>See</u> <u>Wilmington Sav. Fund Soc'y, FSB v. White</u>, 2019 WL 4014842, at *5 (finding affidavit that lacked these features was insufficient to establish actual mailing, even where copy of the notice was provided).  Consequently, questions remain as to whether plaintiff can provide proof of actual mailing in accordance with RPAPL § 1304.

　　　　Plaintiff could establish that the mailing occurred by providing evidence of a standard office mailing procedure.  <u>CIT Bank N.A. v. Schiffman</u>, 948 F.3d at 533.  However, plaintiff's affidavit does not describe any standard office mailing procedure that was followed with respect to mailing notices to the defendants in this case.  (Jenkins Aff. ¶ 7).  <u>Cf.</u> <u>Wells Fargo Bank, N.A.</u> <u>v. Ullah</u>, No. 13 CV 485, 2015 WL 3735230, at *9 (S.D.N.Y. 2015) (holding that lender satisfied § 1304 by providing affidavit describing routine process for mailing notices and recording such mailing, accompanied by record showing that process was followed).  Until the New York Court of Appeals announces the precise requirements for a foreclosure plaintiff to establish compliance with Section 1304 through a standard mailing procedure, granting default judgment would be

inappropriate.  See <u>Miss Jones, LLC v. Viera</u>, 2020 WL 1527141, at *2 (denying default

judgment and staying case where plaintiff did not establish a standard mailing procedure or

provide adequate evidence of mailing).


    4)  <u>Compliance with Filing Requirement</u>

      As in <u>CIT Bank v. Schiffman</u>, the plaintiff's Section 1306 filing in this case appears to be

deficient because it lists only one of the three borrowers.  Only Ryszard Kozikowski is listed on

the filing statement, not Mr. Chelstowski or Ms. Chelstowska.[7]  (Jenkins Aff. at 96).  Whether

this is sufficient or not is the  same issue that was before the Second Circuit in <u>Schiffman</u> and is

now pending before the New York Court of Appeals.  Therefore, it would be premature for this

Court to pass on whether plaintiff has complied with the filing requirements of Section 1306.


    5)  <u>Need for a Stay</u>

      The Court of Appeals' answers to the certified questions in <u>CIT Bank N.A. v. Schiffman</u>

are likely to clarify the criteria for determining whether the requirements of Sections 1304 and

1306 have been satisfied.  Those answers will be binding on this Court.  See <u>Engel v. CBS, Inc.</u>,

182 F.3d 124, 125 (2d Cir. 1999) (holding that "the highest court of a state has the final word on

the meaning of state law, and [federal courts] are bound to apply New York law as determined

by the New York Court of Appeals") (citations and quotations omitted)).  In the interest of

conserving judicial resources, courts in this district have found it prudent to stay foreclosure

cases where resolution of these certified questions is relevant.  See <u>Freedom Mortgage Corp. v.</u>

---

       [7] As observed, <u>supra</u> n.3, all three individual defendants signed the mortgage, but only Mr.
Kozikowski signed the Note.  The Court has no reason to believe that this distinction affects the
applicability of RPAPL § 1306, which applies to "borrowers," as all three defendants are alleged to be
"borrowers."  (Compl. Schedule C).

Bullock, et al., 2020 WL 6047425, at *3 (staying case where proof of §1304 mailing was inconclusive and plaintiff's §1306 filing listed only one of two borrowers); Freedom Mortgage Corp. v. Powell, 2020 WL 4932145, at *4 (staying case where plaintiff failed to support bare assertion of §1304 compliance); Miss Jones, LLC v. Viera, 2020 WL 1527141, at *3 (same).

Thus, it is respectfully recommended that this case be stayed, and the pending motion for default judgment be denied without prejudice, until the New York Court of Appeals answers the certified questions at issue.

### C. Damages Calculations

Should the court determine that a stay is not appropriate at this time, this Court would still recommend denial of plaintiff's motion for default judgment. Even if plaintiff had demonstrated compliance with the notice requirements of the RPAPL, there are additional deficiencies in the papers submitted in support of the motion that would preclude this Court from recommending entry of a default judgment. Specifically, plaintiff seeks entry of judgment foreclosing on the loan and an award to U.S. Bank in the aggregate amount of $672,184.88. (Jenkins Aff. ¶ 10). According to Mr. Jenkins, the balance due and owing under the Note is a total of $396,242.80 in unpaid principal. In support of that assertion, plaintiff has attached a series of computer "screen-prints" that allegedly summarize the calculations. (Jenkins Aff. at 6–11). However, plaintiff has not stated anywhere in its papers exactly how many payments were made by defendants prior to the default and the total dollar amounts paid, which are necessary to enable the Court to verify plaintiff's calculation that there remains $396,242.80 in unpaid principal.

In addition, plaintiff contends that there was a loan modification agreement entered into on March 29, 2016, after the first defaulted payment.  It appears that plaintiff is seeking to recover the deferred amount of $169,818.35, but plaintiff has not provided any documentation or explanation of the loan modification agreement that would allow the Court to determine the accuracy of this amount. Thus, while the screen-prints showing the original amount of the loan may evidence the payments made, plaintiff has failed to sufficiently explain the figures on the screen-prints and has not clearly set forth support for the claimed $396,242.80 or for the $169,818.35.  The Court is likewise unable to make a recommendation as to the total amount of interest owed until the plaintiff supplements its papers and the Court is able to verify the amount of principal owed.

Accordingly, the Court respectfully recommends that, upon a renewed motion for default, plaintiff should provide an additional explanation and information that will allow the Court to verify the balance claimed to be owed by defendants.[8]

Finally, according to plaintiff, defendants owe an additional $54,234.09 in monies advanced by U.S. Bank to pay for insurance, taxes, and amounts necessary to maintain and preserve the premises.  (Jenkins Aff. ¶ 11).  Although the Mortgage provides for the payment of taxes, hazard insurance, and similar expenses (see Vargas Decl., Ex. B. at 16), plaintiff has not adequately explained what these amounts are for.  Accordingly, the Court respectfully recommends that, upon a renewed motion for default, plaintiff should supplement its papers to explain the basis for this requested amount.

---

[8] Also, it is unclear from the papers before the Court whether any payments that were made were applied to reduce the principal amount of the mortgage or were applied to reduce the amount of interest owed.

CONCLUSION

Having reviewed plaintiff's submissions, it is respectfully recommended that the pending Motion for default judgment be denied without prejudice to renew and the filing of any new dispositive motions be stayed until the Court of Appeals answers the certified questions and the Second Circuit issues any further opinion in CIT Bank N.A. v. Schiffman. At such time, the Court further respectfully recommends that plaintiff be directed to submit additional documentation in support of its damages claims.

Any objections to this Report and Recommendation must be filed with the Clerk of Court, with a copy to the undersigned, within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff shall serve a copy of this Report and Recommendation on the defendants and file proof of such service on the record within two weeks of the date of this Report.

**SO ORDERED.**

Dated: Brooklyn, New York
       October 29, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York