UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR THE RMAC
TRUST, SERIES 2016-CTT,

                      Plaintiff,

         -against-

RYSZARD KOZIKOWSKI, *et al.*,

                      Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER
ADOPTING IN PART
REPORT & RECOMMENDATION**

**19-CV-00783 (DLI) (CLP)**

**DORA L. IRIZARRY, United States District Judge:**

On February 8, 2019, U.S. Bank National Association ("Plaintiff") commenced this action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") against Ryszard Kozikowski, Anna Chelstowska, Czeslaw Chelstowski, the Clerk of the Suffolk County District Court and the Clerk of the Suffolk County Traffic and Parking Violations Agency (collectively, "Defendants"), seeking to foreclose on a mortgage encumbering 99 Wilson Avenue, Amityville, New York 11701. *See generally*, Complaint ("Compl."), Dkt. Entry No. 1. Defendants did not appear or answer the Complaint. Plaintiff requested a certificate of default, and the Clerk entered a notation of default against the Defendants. *See*, Dkt. Entry Nos. 14-15. On October 16, 2019, Plaintiff moved for a default judgment pursuant to Federal Rule of Civil Procedure 55. *See*, Plf.'s Mot., Dkt. Entry No. 20. Defendants did not oppose the motion.

On October 17, 2019, the Court referred the default judgment motion to the Honorable Cheryl L. Pollak, now Chief United States Magistrate Judge, for a Report and Recommendation ("R&R"). On October 29, 2020, the magistrate judge issued an R&R recommending that the Court deny the motion without prejudice to renew and stay the action pending the Second Circuit Court

of Appeals' resolution of *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir. 2020), *certified questions accepted*, 34 N.Y.3d 1137 (2020). *See*, R&R, Dkt. Entry No. 25 at 1. Plaintiff objected timely to the R&R. *See*, Plf.'s Objs., Dkt. Entry No. 27.

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted and modified in part. Plaintiff's motion for default judgment is denied without prejudice to renew. However, rather than stay the action, the Clerk of the Court is directed to close this case administratively, with leave to move to reopen by any party within thirty days (30) of the Second Circuit's resolution of *Schiffman*.

## **LEGAL STANDARD**

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects. *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the Court will review the R&R for clear error. *See*, *Robinson v. Superintendent, Green Haven Corr. Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (citations omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## **DISCUSSION**

In determining whether Plaintiff is entitled to default judgment, the magistrate judge, as an initial matter, examined whether Plaintiff complied with the requirements of RPAPL §§ 1304 and 1306. RPAPL § 1304 requires that, at least ninety days before commencing a foreclosure action,

Plaintiff must send notice "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." RPAPL §§ 1304(1), (2). "Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action[] and the plaintiff has the burden of establishing satisfaction of this condition. Compliance with § 1304 can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are [] addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Schiffman*, 948 F.3d at 533 (internal quotation marks and citations omitted). "Courts must determine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment motion, because failure to comply [] is a sufficient basis to deny foreclosure relief." *Freedom Mortg. Corp. v. Powell*, 2020 WL 4932145, at *3 (E.D.N.Y. Aug. 24, 2020) (citations omitted).

As an additional precondition of a foreclosure action, Plaintiff must file with the superintendent of financial services within three business days of mailing the RPAPL § 1304 notices "at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." RPAPL §§ 1306(1), (2).

In *Schiffman*, the Second Circuit certified the following two questions to the New York State Court of Appeals regarding the requirements of RPAPL §§ 1304 and 1306:

> Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?

>Where there are multiple borrowers on a single loan, does RPAPL § 1306 require that a lender's filing include information about all borrowers, or does § 1306 require only that a lender's filing include information about one borrower?

948 F.3d at 538. The Second Circuit invited the New York State Court of Appeals to reformulate or expand these questions to address any other issues of New York law that would assist the Circuit in determining whether the plaintiff in *Schiffman* complied with RPAPL §§ 1304 and 1306. *Id.*

The magistrate judge recommended that this Court deny Plaintiff's motion for default judgment without prejudice to renew and stay the case pending the Second Circuit's resolution of *Schiffman*. *See*, R&R at 1. The magistrate judge explained that the New York State Court of Appeals' answers to the certified questions may impact this Court's analysis of Plaintiff's compliance with RPAPL §§ 1304 and 1306. *Id.* at 8. The magistrate judge also recommended that, if Plaintiff renews its default judgment motion when *Schiffman* is resolved, the Court should direct Plaintiff to submit additional documentation to support its damages claims. *Id.* at 13.

Plaintiff objects to the R&R on five grounds. First, Plaintiff claims that, because a violation of RPAPL § 1304 must be raised by the Defendants as a defense, the magistrate judge erred by *sua sponte* considering Plaintiff's compliance with RPAPL § 1304 on a default judgment motion. *See*, Plf.'s Objs. at 3. Second, Plaintiff alleges it complied with RPAPL § 1304. *Id.* at 5-6. Third, Plaintiff contends that *Schiffman* is distinguishable and the Second Circuit's certified questions regarding RPAPL § 1304 is not applicable to facts of this case. *Id.* at 4. Fourth, Plaintiff alleges it complied with RPAPL § 1306. *Id.* at 6-7. Finally, Plaintiff claims it submitted sufficient documentation to demonstrate its entitlement to damages. *Id.* at 7-8. The Court reviews these objections *de novo.*

In support of its first objection, Plaintiff cites several New York appellate court decisions that suggest a plaintiff is not required to show compliance with RPAPL § 1304, if the borrower

4

does not raise it as a defense. *Id.* at 3-4. In one case, the Appellate Division reversed the trial court's decision to deny a plaintiff's motion for leave to enter a default judgment. *See*, *U.S. Bank, N.A. v. Carey*, 137 A.D.3d 894, 896 (2d Dep't 2016) ("Failure to comply with RPAPL § 1304 . . . is a defense which may be raised at any time. However, in this case, that defense has never been raised by the borrowers. Therefore, the plaintiff was not required to disprove that defense.") (internal citations omitted). Other appellate courts have issued similar rulings. *See*, *Deutsche Bank Nat'l Trust Co. v. Lopez*, 148 A.D.3d 475, 476 (1st Dep't 2017) ("Having so defaulted, and having failed to proffer a reasonable excuse for his defaults, defendant is precluded from moving to dismiss the foreclosure action on the ground of plaintiff's alleged failure to comply with RPAPL § 1304.") (internal citation omitted).

Although these cases appear to support Plaintiff's position, they are at odds with the disposition of this issue by courts in this district. *See*, *Windward Bora, LLC v. Thompson*, 2020 WL 1242828, at *4 n.6 (E.D.N.Y. Mar. 16, 2020) ("federal courts sitting in New York regularly review compliance with RPAPL § 1304 in ruling on motions for default judgment in foreclosure cases") (collecting cases). Given the split between the state and federal courts on this issue and the potential clarification forthcoming from the New York State Court of Appeals and the Second Circuit, it would not be prudent to decide this question prior to the resolution of *Schiffman*. Accordingly, Plaintiff's objection on this ground is overruled.

As to its second objection, Plaintiff contends that it submitted an affidavit as evidence that it mailed the RPAPL § 1304 notices to the Defendants by first class and certified mail more than ninety days before commencing the action. *See*, Plf.'s Objs. at 5-6. Plaintiff asserts that the affiant's averments were based on a review of the business records that were submitted with the affidavit and the standard mailing office procedure designed to ensure that items are addressed

5

properly and mailed. *Id.* Plaintiff presumably refers to the affidavit of Justin Jenkins (the "Jenkins Affidavit"), the Assistant Vice President of Rushmore Loan Management Services LLC, appointed attorney in fact for the Plaintiff. *See*, Jenkins Aff., Dkt. Entry No. 22-6.

The magistrate judge concluded that the Jenkins Affidavit was insufficient to establish notice by first class mail or certified or registered mail. *See*, R&R at 8-9. The Court agrees. Plaintiff did not provide any mailing receipts or other proof of mailing and the first class postage paid stamps on the mailing labels for each Defendant are not postmarked. *Id.* at 9. The Jenkins Affidavit does not name the individual who mailed the RPAPL § 1304 notices or affirm that Mr. Jenkins mailed them. *Id.* Furthermore, it does not describe any standard office mailing procedure that was followed. *Id.* Plaintiff did not address any of these points in its objections. Accordingly, Plaintiff's objection is overruled as questions remain about whether Plaintiff can prove compliance with RPAPL § 1304.

Plaintiff's third objection is that *Schiffman* is distinguishable factually and procedurally from this case and does not provide a basis for denying the motion. *See*, Plf.'s Objs. at 4. Unlike *Schiffman*, where the Second Circuit was evaluating a contested summary judgment motion, this case involves an unopposed default judgment motion. *Id.* As Defendants here have not appeared in the case, they have not denied receipt of the RPAPL § 1304 notices or rebutted the presumption of receipt by showing that Plaintiff's mailing procedure was not followed. *Id.* As such, the certified question in *Schiffman* regarding RPAPL § 1304 is not applicable to the facts of this case. *Id.* The magistrate judge, while acknowledging the factual differences between this case and *Schiffman*, observed that the New York State Court of Appeals' answers to the certified questions may clarify whether Plaintiff complied properly with RPAPL §§ 1304 and 1306. *See*, R&R at 8 n.5.

The Court recognizes that the question certified by the Second Circuit in *Schiffman* regarding RPAPL § 1304 does not bear perfectly on the issues raised by Plaintiff's motion given the different procedural postures of the two cases. However, in light of the uncertainty surrounding the requirements of RPAPL § 1304, the New York State Court of Appeals may provide further clarity on the subject. Thus, Plaintiff's objection on this ground is overruled. *See*, *Miss Jones, LLC v. Viera*, 2020 WL 1527141, at *2 (E.D.N.Y. Mar. 31, 2020) (overruling plaintiff's objection to R&R and stating that "[w]hile . . . there are important factual differences between *Schiffman* and this case, these distinctions do not change [the magistrate judge's] observation that, in answering the certified question, the Court of Appeals is likely to shed light on the meaning and application of § 1304.") (internal quotation marks omitted).

As to its fourth objection, Plaintiff asserts that it timely filed with the superintendent of financial services the borrower information required under RPAPL § 1306(2). *See*, Plf.'s Objs. at 6-7. A review of this filing reveals that Plaintiff listed the loan amount and the name, address and telephone number for one of the borrowers, Defendant Ryszard Kozikowski. *See*, Jenkins Aff. at 96. However, Plaintiff did not name or include any information for the other borrowers, Defendants Anna Chelstowska and Czeslaw Chelstowski. *Id.* Plaintiff argues that the statute's purpose and text demonstrate that it needed only to name one borrower and its failure to name the other borrowers is not a basis to deny its motion. *See*, Plf.'s Objs. at 7. As the magistrate judge properly noted, this is the very issue presented to the Second Circuit in *Schiffman* that is pending before the New York State Court of Appeals. *See*, R&R at 10. Accordingly, it would be premature for the Court to decide this question and Plaintiff's objection is overruled.

Plaintiff's final objection is that the Jenkins Affidavit is sufficient to demonstrate its entitlement to damages. *See*, Plf.'s Objs. at 7-8. The magistrate judge found that there were several

deficiencies in the Jenkins Affidavit. This Court agrees. As an initial matter, it does not state how many payments Defendants made prior to their default or the total amounts for the Court to verify that $396,242.80 remains in unpaid principal. *See*, R&R at 11. The Jenkins Affidavit included a series of computer "screen-prints" to support the claim that $396,242.80 is outstanding, but did not explain the figures contained in these documents. *Id.* at 11-12; Jenkins Aff. at 6-11. Plaintiff also claims that Defendant Ryszard Kozikowski entered into a loan modification agreement and Plaintiff is seeking to recover the "deferred amount" of $169,818.35. Jenkins Aff. at 2-3; Compl. at 3. However, Plaintiff did not include the agreement in its submission or explain this amount further for the Court to determine its accuracy. *See*, R&R at 12.

Plaintiff also seeks $54,234.09 for pre-acceleration late charges, hazard insurance disbursements, tax disbursements, and property inspections and preservation disbursements, but Plaintiff did not provide the basis for this amount.[1] *Id.* The magistrate judge recommended that the Court direct Plaintiff to supplement its papers to verify and explain each of these amounts. *Id.* Plaintiff objected to the magistrate judge's findings regarding Plaintiff's pre-acceleration late charges, tax disbursements, hazard insurance disbursements, and property inspections and preservation disbursements. *See*, Plf.'s Objs. at 7-8. Plaintiff argues that the Jenkins Affidavit sufficiently itemizes each transaction, charge or disbursement and includes the specific date and amount that was charged or disbursed. *Id.* at 7. While these amounts are listed in the Jenkins Affidavit, Plaintiff failed to provide invoices, receipts or other documentary evidence to substantiate these amounts. *See*, *Freedom Mortg. Corp. v. Jett.*, 2019 WL 3714795, at *5-6 (E.D.N.Y. May 23, 2019), *report and recommendation adopted*, 2019 WL 3805103 (E.D.N.Y. Aug. 13, 2019) (denying plaintiff's unsubstantiated requests for pre-acceleration late charges,

---

[1] The R&R did not reference Plaintiff's pre-acceleration late charges, but included them in this amount.

8

taxes, insurance costs, and property inspections and preservation costs). Accordingly, Plaintiff's objection is overruled as the Jenkins Affidavit is inadequate proof of these damages.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's objections are overruled and the R&R is adopted and modified only to the extent that the Clerk of the Court is directed to close this case administratively, with leave to move to reopen by any party within thirty (30) days of the Second Circuit Court of Appeals' resolution of the *Schiffman* case. Accordingly, Plaintiff's default judgment motion is denied without prejudice to renew if this case is reopened. In the event that Plaintiff seeks to renew its motion, Plaintiff shall submit supplemental documentation to support its claims for $396,242.80 in unpaid principal, $169,818.35 as the deferred amount under the loan modification agreement, and $54,234.09 for pre-acceleration late charges, hazard insurance disbursements, tax disbursements, and property inspections and preservation disbursements.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2021

/s/
DORA L. IRIZARRY
United States District Judge