UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, *not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT*,

                        Plaintiff,

- against -

RYSZARD KOZIKOWSKI, *et al.*,

                        Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 CV 0783 (DLI) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

      On February 8, 2019, plaintiff U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank" or "plaintiff"), commenced this foreclosure action against Ryszard Kozikowski, Anna Chelstowska, Czeslaw Chelstowski (collectively, the "individual defendants"), the Clerk of the Suffolk County District Court, and the Clerk of the Suffolk County Traffic and Parking Violations Agency, seeking to foreclose on a mortgage encumbering 99 Wilson Avenue, Amityville, New York 11701, a/k/a 99 Wilson Avenue, Amityville Harbor, New York 11701.

      Currently pending before this Court on referral from the Honorable Dora L. Irizarry is plaintiff's renewed motion for default judgment. For the reasons set forth below, it is respectfully recommended that plaintiff's motion be denied.

1

FACTUAL AND PROCEDURAL BACKGROUND[1]

According to the Complaint, on October 19, 2006, defendant Kozikowski entered into a mortgage agreement in the amount of $290,800.00, encumbering a property located at 99 Wilson Avenue in Amityville, New York (the "Property"). (Compl.[2] ¶ 1). The other two individual defendants, also alleged to be owners of the Property, executed the Mortgage as well. (Id. ¶¶ 4, 5, 6, 13, 14). Following a series of assignments, the Mortgage was assigned to Nationstar Mortgage LLC, and, on March 29, 2016, Kozikowski entered into a Loan Modification Agreement in which he agreed to pay additional principal, as well as taxes on the modified amount. (Id. ¶¶ 16-17). Thereafter, the Mortgage was assigned to the plaintiff U.S. Bank, as Trustee for the RMAC Trust, Series 2016-CTT. (Id. ¶ 18).

The Complaint alleges that, beginning with the payment due February 1, 2016, defendants failed to make the payments due under the loan agreement, with the principal balance of the loan due amounting to $396,242.80 as of the date of the Complaint. (Id. ¶¶ 19-20). Also due was a deferred balance of $169,818.35, in addition to late charges, as well as monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property. (Id. ¶ 20). Plaintiff also alleges that it is due interest on the principal balance beginning as of January 1, 2016 and calculated at the rate of 3.9%, in addition to other costs and attorney's fees incurred as a result of the foreclosure. (Id.)

Plaintiff brought this action seeking to accelerate the maturity of the debt and to determine damages due for the principal, interest, late charges, taxes, assessments, insurance, property maintenance fees, and costs and attorney's fees. (Id. at 4). Plaintiff also asks that the

---

[1] The relevant facts underlying plaintiff's Complaint are set forth more fully in this Court's Report and Recommendation, dated October 29, 2020.
[2] Citations to "Compl." refer to the plaintiff's Complaint, filed Feb. 8, 2019, ECF No. 1.

2

Court appoint a referee pursuant to RPAPL Article 13 to sell the Property and use the proceeds of the sale to pay plaintiff. (Id.)

Despite proper service of the Summons and Complaint upon the defendants, they failed to file an answer or otherwise respond to the Complaint and thus a default was entered by the Clerk of Court on April 25, 2019. (See ECF Nos. 9-13, 15; Vargas Decl.[3] ¶ 6).[4] On October 16, 2019, plaintiff moved for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (See ECF No. 20). The motion was referred to the undersigned and on October 29, 2020, this Court issued a Report and Recommendation, recommending that the motion be denied without prejudice to renew pending resolution of two certified questions submitted to the New York Court of Appeals by the Second Circuit in CIT Bank N.A. v. Schiffman, 948 F. 3d 529 (2d Cir. 2020). (See discussion infra; R&R[5]). The District Court adopted this Court's recommendation, denying the motion for default judgment without prejudice and modifying the recommendation to the extent that the Clerk of Court was directed to close the case administratively, with leave to reopen within thirty (30) days of the Second Circuit's resolution of the issues in Schiffman. (Ord.[6]).[7]

---

[3] Citations to "Vargas Decl." refer to the Declaration of Stephen J. Vargas, Esq. in Support of Plaintiff's Motion for Default Judgment, dated Sept. 30, 2021, ECF No. 42.

[4] According to the Vargas Declaration, the individual defendants were served pursuant to Federal Rules of Civil Procedure 4 and 5 by personal service and with a copy of the Summons and Complaint mailed to each defendant in compliance with N.Y. C.P.L.R. § 3012-b. (Vargas Decl. ¶ 6, Ex. D). Although the Vargas Declaration does not discuss service upon the Suffolk County Clerk or the Traffic and Violations Agency defendants, according to the affidavits of service filed with the court, they were served personally as well. (Id.)

[5] Citations to "R&R" refer to this Court's Report and Recommendation, dated Oct. 29, 2020, ECF No. 25.

[6] Citations to "Ord." refer to Judge Irizarry's Order Adopting in Part this Court's Report and Recommendation and Denying, Without Prejudice, plaintiff's Motion for Default Judgment, filed Mar. 31, 2021, ECF No. 35.

[7] The District Court also directed plaintiff to serve a copy of the court's March 31, 2021 Memorandum and Order on all defendants within five days of the Order and to file proof of service with the court. (Ord.). On April 7, 2021, the court issued an Order noting that plaintiff had failed to comply

On August 23, 2021, plaintiff moved to reopen the case. (ECF No. 38). Although the motion to reopen the case was filed beyond the District Court's thirty-day deadline, the court granted the motion to reopen on September 7, 2021, and gave plaintiff leave to renew its motion for default judgment and judgment of foreclosure, with papers due October 5, 2021. (See Electronic Order, dated Sept. 7, 2021). The court further directed plaintiff to submit "supplemental documentation to support its claims for $396,242.80 in unpaid principal, $169,818.35 as the deferred amount under the loan modification agreement, and $54,234.09 for pre-acceleration charges, hazard insurance disbursements, tax disbursements, property inspections, and preservation disbursements."[8] (Id.)

## DISCUSSION

**A. The October 29, 2020 Report and Recommendation**

Pursuant to New York Property Actions and Proceedings Law ("RPAPL"), a lender must send notice to a mortgagor at least 90 days before the commencement of any foreclosure action. N.Y. Real Prop. Acts. Law §§ 1304(1), (2). In <u>U.S. Bank National Association as Trustee for RMAC Trust Series 2016-CIT v. Christian</u>, the court noted that "failure to comply with § 1304 is a sufficient basis to deny foreclosure relief" even when the defendant is in default. 19 CV 0427, 2020 WL 3918566, at *3 (E.D.N.Y. Feb. 25, 2020). Thus, the Court is required to determine whether there has been compliance with the notice requirements. Id. Section 1306 of the RPAPL also requires as a precondition to foreclosure that the plaintiff file "the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the

---

and directing plaintiff to file proof of service no later than April 9, 2021. Thereafter, on April 8, 2021, plaintiff filed affidavits of service of the court's Order on all defendants. (ECF Nos. 36, 37).

[8] On September 15, 2021, the District Court imposed sanctions on plaintiff's counsel in the form of a fine of $100 as a result of plaintiff's failure to comply with the court's prior service Orders.

mortgage and such other information as will enable the superintendent to ascertain the type of loan at issue." N.Y. Real Prop. Acts. Law § 1306(2).

In CIT Bank N.A. v. Schiffman, the plaintiff's notices were dated one year after the default on the mortgage and the Second Circuit raised concerns about the gap in time between the default and the Notice, noting that compliance with the notice requirements of the RPAPL must be established with "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." 948 F.3d at 534-35 (quoting Citibank, N.A. v. Conti-Scheurer, 172 A.D.3d 17, 21, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)). Since the Second Circuit could not find any controlling New York authority on whether such a gap in time called into question whether there had been adequate proof of a standard office procedure, the Circuit certified the following question to the New York Court of Appeals:

> Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?

Id. at 538.

The Second Circuit also certified a second question to the Court of Appeals:

> Where there are multiple borrowers on a single loan, does RPAPL § 1306 require that a lender's filing included information about all borrowers, or does § 1306 require only that a lender's filing include information about one borrower?

Id.

5

In reviewing plaintiff's Complaint in the instant case, this Court noted that the mailing labels and contents of the 90-day notices which were purportedly sent to the individual defendants in this case on April 25, 2018 were sent more than two years after the alleged default date of February 1, 2016. (R&R at 8-9). Not only was this period of time longer than that in the Schiffman case, but there were other issues with plaintiff's submissions that raised questions as to whether proper notice had been given. (Id. at 9). Plaintiff had submitted the affidavit of Justin Jenkins ("Jenkins Affidavit"), the Assistant Vice President of plaintiff's attorney-in-fact, which stated that plaintiff mailed the 90-day Notice via "first class and certified mail." (ECF No. 22-6 at 2). However, the Court noted that, although the mailing labels provided bear first-class postage stamps, the stamps were not postmarked, and plaintiff failed to provide any other proof of actual mailing. (R&R at 9). Indeed, there was no proof that the notices had been sent by certified or registered mail and there was no information as to the identity of the individual who actually mailed the notices. (Id.) Courts had previously held that affidavit and exhibits of the types provided by plaintiff here were inadequate to establish actual mailing. See, e.g., Miss Jones LLC v. Viera, No. 18 CV 1398, 2020 WL 1527141, at *3 (E.D.N.Y. Mar. 31, 2020); Wilmington Sav. Fund Soc'y, FSB v. White, No. 17 CV 2288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019). Plaintiff had also not submitted any information in its supporting documentation that described a standard office mailing procedure that might satisfy § 1304. (R&R at 9). Thus, it was this Court's recommendation that plaintiff's motion for default judgment be denied pending an announcement by the Court of Appeals as to the precise requirements for a foreclosure plaintiff to establish compliance with § 1304.

In addition, plaintiff's § 1306 filing listed only defendant Kozikowski but did not include the other two individual defendants. (See ECF No. 22-6 at 96; R&R at 10). Since the question

6

of whether the § 1306 listing only requires information about one borrower or all borrowers was certified by Schiffman to the New York Court of Appeals, this Court found it would be premature to determine whether plaintiff had complied with the requirements of § 1306. (R&R at 10). Lastly, this Court found that, although plaintiff provided computer "screen-prints" of their damage calculations, the Jenkins Affidavit did not state "anywhere in its papers exactly how many payments were made by defendants prior to default and the total dollar amounts paid, which are necessary to enable the Court to verify plaintiff's" damages calculations. (Id. at 11).

The district court adopted this Court's recommendation on the merits and denied plaintiff's motion without prejudice to renew if the case was reopened. (Ord. at 2). In adopting the Report and Recommendation, the District Judge agreed that there was uncertainty as to whether compliance with RPAPL § 1304 is a defense that must be raised by the defendant, as several state courts have held, or whether the court, in the context of a default by the defendant, should independently review compliance, as several federal courts have held. (Id. at 4-5). The district court also agreed with the finding in the Report and Recommendation that the Jenkins Affidavit was insufficient to establish that notice had been sent by first class, certified, or registered mail, relying on the absence of any proof of mailing and the fact that the stamps on the mailing labels had not been postmarked. (Id. at 6). Moreover, the district court specifically noted that the affidavit failed to describe any standard office mailing procedure that had been followed. (Id.)

The district court also found that the second certified question – namely, whether the filing required by RPAPL § 1306(2) must include information relating to all of the borrowers – was expressly raised in the instant case and rejected the defendant's argument that Schiffman was distinguishable from this case because it involved a summary judgment motion and not a

7

motion for default judgment.  (Id. at 6-7).  Finally, the District Court agreed with the finding in the Report and Recommendation that the Jenkins Affidavit was insufficient to establish damages, noting several deficiencies in the submission.  (Id. at 7-8).

### B. The Court of Appeals' Decision in Schiffman

On March 30, 2021, the New York Court of Appeals issued a decision addressing the Second Circuit's two certified questions.  CIT Bank N.A. v. Schiffman, 36 N.Y.3d 550, 168 N.E.3d 1181, 145 N.Y.S.3d 1 (2021).  With respect to the first question concerning what showing is required to rebut the presumption of a standard office mailing procedure, the Court of Appeals noted that § 1304 does not state what is required to demonstrate compliance with the notice requirement.  Id. at 556.  The court, however, when considering analogous circumstances, had previously found "evidence of actual mailing (e.g., an affidavit of mailing or service) or. . . proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature" to be sufficient.  Id. (citations omitted).  As for the evidence necessary to demonstrate an established and regularly followed office procedure, the Court cited a case holding that an affidavit of an employee "with 'personal knowledge of the practices,'" describing procedures designed "'to ensure the accuracy of addresses, as well as office procedures relating to the delivery of mail to the post office'" was sufficient to support the presumption that notice was mailed and received.  Id. (quoting Preferred Mut. Ins. Co. v. Donnelly, 22 N.Y.3d 1169, 1170 (2014), aff'g 111 A.D.3d 1242, 1244 (4th Dep't 2013)).

In responding to the first certified question, the Court of Appeals reiterated that denial of receipt alone is not enough to demonstrate that notice was not in compliance with § 1304; there must be a showing of a "material deviation" from the routine office procedure that "would call into doubt whether notice was properly mailed."  Id. at 557.  The Court rejected the idea that a

8

single deviation from any aspect of the routine procedure would be enough and stated that courts should consider the context in assessing whether a deviation in procedure was material, pointing to the Bank's argument that residential notes and mortgages change hands at various points, which might impact the timing of the notices under the RPAPL.  Id.  The Court further noted that New York courts have "applied a workable rule that balances the practical considerations underpinning the presumption against the need to ensure the reliability of a routine office practice with respect to the creation and mailing of notices."  Id. at 558.

The Court did not, however, directly address the question of whether courts, in the context of a default, should independently consider whether the plaintiff has satisfied its burden of showing compliance with RPAPL §§ 1304 and 1306, or whether the issue must be affirmatively raised by the defendant.  As noted in the District Court's Order, there is a division among the New York state and federal courts on this issue, with the state courts generally requiring an affirmative showing by the defendants that they did not receive the notice, while the federal courts have engaged in an independent assessment of the compliance issue.  (Ord. at 4-5).

With respect to the Second Circuit's second certified question, the Court of Appeals clarified that information relating to one borrower suffices to satisfy the requirements of RPAPL § 1306.  CIT Bank N.A. v. Schiffman, 36 N.Y.3d at 559-60, 168 N.E.3d at 1145, 145 N.Y.S.3d at 8.

### C.  Plaintiff's Renewed Motion for Default Judgment

On October 5, 2021, following the district court's Order reopening of the case, plaintiff filed its renewed motion for default judgment, seeking foreclosure on the Property and related relief.  (See ECF No. 40; Pl.'s Mem.[9]).

---

[9] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of its Motion for Default Judgment, filed Oct. 5, 2021, ECF No. 41.

9

In renewing the request for default judgment, plaintiff submitted a Memorandum of Law, the Declaration of Stephen Vargas, Esq., the Affidavit of Anthony Younger, and a number of attachments. However, after reviewing the plaintiff's submissions, the Court cannot find any discussion in plaintiff's papers of the Court of Appeals' decision in Schiffman and its impact on the questions raised in this Court's prior Report and Recommendation and in the District Court's prior Order. (Vargas Decl.; Younger Aff.;[10] ECF Nos. 42-1 – 42-12). The only reference to the Schiffman decision appears in counsel's letter of August 23, 2021, seeking to reopen the case. (ECF No. 38). In the letter, counsel states, in a single sentence, that the Court of Appeals and thereafter the Second Circuit issued rulings in Schiffman that approved plaintiff's "position, proofs and requested relief in this action." (Id.) However, there is no discussion of how Schiffman resolved any of the issues raised by this Court and by Judge Irizarry in connection with the plaintiff's earlier motion for default judgment.

While the Court of Appeals decision in Schiffman clarified that the filing requirement of § 1306 is satisfied even when the filing is limited to information about only one borrower, neither the Court of Appeals nor the Second Circuit addressed the question of whether a court should *sua sponte* consider if there was compliance with § 1304 in the context of a default by the defendant. As set forth in the District Court's opinion, the federal cases hold that proof of notice is a condition precedent to granting a foreclosure motion. (Ord. at 5 (citing Windward Bora, LLC v. Thompson, 2020 WL 1242828, at *4 n.6 (E.D.N.Y. Mar. 16, 2020) (collecting cases))); see also U.S. Bank Nat'l Ass'n as Trustee for RMAC Trust, Series 2016-CTT v. Christian, 2020

---

[10] Citations to "Younger Aff." refer to Anthony Younger's Affidavit filed in support of plaintiff's motion for default judgment, filed Oct. 5, 2021, ECF No. 42-6. Mr. Younger is the Assistant Secretary of Rushmore Loan Management Services, LLC, Appointed attorney-in-fact for plaintiff. (Id. ¶ 1).

WL 3918566, at *2; United States v. Starr, No. 16 CV 1431, 2017 WL 4402573, at *3 (S.D.N.Y. Sept. 29, 2017).

Although plaintiff's letter suggests that the Schiffman case supports plaintiff's position that the court should not even consider whether proper notice had been given unless the defendant establishes that it did not receive notice, there is nothing in plaintiff's submission to explain where this position is set forth within either of the Schiffman decisions. Indeed, at least one federal court issued a decision in the context of an unopposed motion for summary judgment after Schiffman, holding that the court nonetheless needs to consider whether proper notice was provided. Wilmington Savings Fund Society, FSB as Trustee for Carlsbad Funding Mortgage Trustee v. White, No. 17 CV 02288, 2021 WL 2548971, *5 (E.D.N.Y. June 22, 2021) (noting that, when considering an unopposed motion for summary judgment, the court "must be satisfied that the citation to evidence in the record supports the assertion"); see also United States v. Phillips, No. 19 CV 5348, 2022 WL 256954 (E.D.N.Y. Jan. 7, 2022) (considering *sua sponte* whether plaintiff complied "with the substantive statutory requirements" of § 1304), report & recommendation adopted, 2022 WL 256576 (E.D.N.Y. Jan. 27, 2022); United States v. Lancor, No. 19 CV 00936, 2021 WL 4942083, at *2 (N.D.N.Y. Oct. 22, 2021) (same); Wilmington Sav. Fund Socity, FSB as trustee for Pretium Mortg. Acquisition Tr. v. Asadsaif, No. 19 CV 5966, 2021 WL 2666994, at *6 (E.D.N.Y. June 9, 2021) (same), report & recommendation adopted, 2021 WL 2661165 (E.D.N.Y. June 29, 2021).

In the absence of any argument indicating that this Court should reconsider its prior holding adopting the federal precedents that require the Court to first review whether § 1304 notice was provided, the Court considers whether the evidence of such notice provided by

11

plaintiff in connection with this renewed motion for default judgment is sufficient to establish that proper notice was given.

As explained in the prior Report and Recommendation, the proof provided by plaintiff was insufficient for a number of reasons and the District Court, in reviewing the Report, reached the same conclusion. (See R&R 9-10; Ord. at 5-6). In connection with the renewed motion for default judgment, plaintiff has submitted the same information previously submitted, including mailing labels with first-class postage stamps which have not been postmarked. (Younger Aff., Ex. 6 at pp. 134-99).[11] Plaintiff has still not submitted any other proof of actual mailing, nor has it provided an affidavit from the person who did the mailing, and nor has it produced an affidavit that sets forth standard office mailing procedures. Instead, plaintiff seems now to have submitted two UPS tracking numbers but without any explanation as to what the tracking numbers relate to. (Id. at pp. 200-03); see Wilmington Sav. Fund Socity, FSB as trustee for Pretium Mortg. Acquisition Tr. v. Asadsaif, 2021 WL 2666994, at *6 (finding § 1304 compliance where plaintiff submitted "U.S. Postal Service Certified Mail receipts"); Emigrant Bank v. Cohen, 164 N.Y.S.3d 863, 865, 2022 N.Y. Slip Op. 02532 (2d Dep't 2022) (finding compliance where there were "copies of the two certified mail receipts, with corresponding signed acknowledgment cards").

Speculating that the tracking numbers submitted by plaintiff here may have been submitted as evidence of some type of mailing, the Court notes that the proof is still insufficient because there are three defendants who should have received the Section 1304 notice. (See Compl. ¶¶ 4-6). Even assuming that the tracking numbers somehow evidence proof of mailing, the fact that there are only two tracking numbers raises questions as to whether notice was sent to the third defendant.

---

[11] The Court notes that plaintiff appears to have mistakenly submitted several copies of the notices, resulting in duplicative notices within the filing. (Younger Aff., Ex. 6 at pp. 1-134).

Further, as the court in <u>Wilmington Savings Fund Society, FSB v. White</u> noted, there must be more than just an affidavit stating that the notice was properly mailed, unless the person who actually mailed the notice attests to the fact of mailing. 2019 WL 4014842, at *5 (denying summary judgment where the proof consisted of only a "mailing label" and "First Class Mail U.S. postage meter stamp" and affidavit did not "name the individual who purportedly mailed the 90-day notice or describe a particular practice . . . to effectuate the mailing"); see <u>Wilmington Sav. Fund Soc'y, FSB v. Kutch</u>, 202 A.D.3d 1030, 1033, 162 N.Y.S.3d 478, 482 (2d Dep't 2022) (noting that, without "business records proving the matter asserted, [plaintiff's] 'unsubstantiated and conclusory' statement, by itself, was insufficient to establish" compliance with § 1304 (citation omitted)); <u>cf.</u> <u>United States v. Phillips</u>, 2022 WL 256954, at *6 (granting default judgment where affiant stated that he personally mailed the notice). Again, the Younger Affidavit is bereft of any statements as to a policy of mailing and does not state that Mr. Younger himself mailed the notices. (<u>See</u> Younger Aff. ¶¶ 7-8). Indeed, although Mr. Younger's affidavit includes exhibits that purportedly establish "actual mailing," it is unclear on what basis Mr. Younger attests to the mailing in this case.

Given plaintiff's failure to address either the impact of the Court of Appeals decision in <u>Schiffman</u> on the instant case and the failure to cure the insufficiencies in proof that § 1304 notice was provided to the defendants as required by the RPAPL and federal precedents, the Court respectfully recommends that the motion for default judgment again be denied.

The Court further notes that even if plaintiff had submitted additional evidence supporting its claim that proper notice was given, plaintiff's proof on damages is still deficient. The district court specifically directed plaintiff to provide additional documentation to support the claim for unpaid principal, the deferred amount under the loan modification agreement, pre-

13

acceleration late charges, hazard insurance disbursements, tax and property inspection costs, and preservation disbursements. (Ord. at 8-9 (citing Freedom Mortg. Corp. v. Jett, No. 18 CV 3306, 2019 WL 3714795, *5-6 (E.D.N.Y. May 23, 2019) (denying award of pre-acceleration late charges and advances for hazard insurance, taxes, property inspection, and preservation, where plaintiff failed to submit "sufficient documentation" substantiating its requests), report & recommendation adopted, 2019 WL 3805103 (E.D.N.Y. Aug. 13, 2019))); see also United States v. Scott, No. 19 CV 01621, 2021 WL 4942076, at *3 (N.D.N.Y. Oct. 22, 2021) (noting that default judgment had previously been denied where plaintiff had "not provided adequate support," and finding adequate support where affidavit of "Lead Foreclosure Specialist" provided a schedule of payment and itemization of the payments received).

Although plaintiff has now provided a copy of the loan modification agreement that sets forth the additional principal and the interest rate (see Younger Aff., Ex. 2), plaintiff provides no explanation as to how the number they are now requesting was reached. There is no breakdown of the amounts paid by defendants under the modified agreement, if any, nor does the plaintiff provide its analysis of the interest that has accumulated on that amount.

Plaintiff again also provides a computer printout which seems to set forth a list of transactions with notations for hazard insurance, flood insurance, and maintenance. (See id., Ex. 5). The printout contains notations for "late charges, no cash adjustment," and other hazard insurance/maintenance figures presented in a different format than the ones identified supra. (Id.) However, plaintiff still has not provided any explanation to help the Court understand what these figures represent. Moreover, there is a reference to a "new loan" on October 19, 2012, in the amount of $286,106.04, which does not match any other of the loan information provided. (Id.) Again, in the absence of any explanation of the summary listing of the amounts contained

14

in Mr. Younger's Affidavit (id. ¶ 10), the Court is not in any position to recommend an award of damages in this case. Accordingly, even if the District Court were to find in plaintiff's favor on the § 1304 Notice requirement, more information is needed from plaintiff to assess the accuracy of the damages requested. Thus, the Court respectfully recommends that plaintiff's motion for default judgment be denied without prejudice.

## CONCLUSION

The Court respectfully recommends that plaintiff's request for a default judgment be denied without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: May 10, 2022
      Brooklyn, New York

                                                                          */s/ Cheryl L. Pollak*
                                                                           CHERYL L. POLLAK
                                                                           United States Magistrate Judge
                                                                           Eastern District of New York