UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,                    :
NOT IN ITS INDIVIDUAL CAPACITY BUT                 :
SOLELY AS TRUSTEE FOR THE RMAC                     :
TRUST, SERIES 2016-CTT,                            :
                                                   :     **MEMORANDUM AND ORDER**
                        Plaintiff,                 :     **ADOPTING IN PART**
                                                   :     **REPORT & RECOMMENDATION**
            -against-                              :
                                                   :     **19-CV-00783 (DLI) (CLP)**
RYSZARD KOZIKOWSKI, *et al.*,                      :
                                                   :
                        Defendants.                :
--------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On February 8, 2019, U.S. Bank National Association, not in its individual capacity but

solely as Trustee for the RMAC Trust, Series 2016-CTT ("Plaintiff"), commenced this action

pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") against Ryszard

Kozikowski, Anna Chelstowska, Czeslaw Chelstowski (together, "Individual Defendants"), the

Clerk of the Suffolk County District Court, and the Clerk of the Suffolk County Traffic and Parking

Violations Agency (together, "Suffolk County Defendants" and, collectively with the Individual

Defendants, "Defendants"), seeking to foreclose on a mortgage encumbering 99 Wilson Avenue,

Amityville, New York 11701 (the "Property").  *See*, Complaint ("Compl."), Dkt. Entry No. 1.

Defendants did not appear or answer the Complaint.  Plaintiff requested a certificate of default,

and the Clerk entered a notation of default against Defendants.  *See*, Dkt. Entry Nos. 14-15.

On October 16, 2019, Plaintiff moved for a default judgment pursuant to Federal Rule of

Civil Procedure ("Fed. R. Civ. P.") 55.  *See*, Plf.'s First Mot., Dkt. Entry Nos. 20-21.  The motion

was referred to the Honorable Cheryl L. Pollak, now Chief United States Magistrate Judge who,

on October 29, 2020, issued a Report and Recommendation ("R&R") identifying deficiencies both

in Plaintiff's proof of compliance with RPAPL § 1304's pre-foreclosure notice requirement and in Plaintiff's proof of damages. *See,* R&R, Dkt. Entry No. 25. The magistrate judge recommended that the Court deny Plaintiff's default judgment motion without prejudice to renew pending resolution of two certified questions submitted to the New York State Court of Appeals by the Second Circuit in *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir. 2020), *certified questions accepted*, 34 N.Y.3d 1137 (2020) that concerned compliance with, *inter alia*, RPAPL § 1304. *See,* R&R at 10-11.

In its objections to the R&R, Plaintiff contended that, pursuant to New York state intermediate appellate court authority, compliance with RPAPL § 1304 is a non-jurisdictional defense that must be raised by the defendant to a foreclosure action and, thus, the magistrate judge erred by considering *sua sponte* Plaintiff's compliance with RPAPL § 1304 in the default judgment context. *See,* Plf.'s First Objs., Dkt. Entry No. 27. In ruling on Plaintiff's objection, this Court recognized that the New York state decisions Plaintiff cited were at odds with the disposition of this issue by the federal courts in this district that have held that, even in the context of a defendant's default, a court should consider a plaintiff's compliance with RPAPL § 1304 *sua sponte*. Order dated March 31, 2021, Dkt. Entry No. 35, at 4-5. Given the split on this issue and the potential clarification forthcoming in *Schiffman*, this Court held that "it would not be prudent to decide this question prior to the resolution of *Schiffman.*" *Id.* at 5. Accordingly, over Plaintiff's objections, the Court adopted the R&R in substantial part, denying the motion without prejudice, and modifying the R&R only to the extent that the Clerk of Court was directed to close the case administratively, with leave to reopen upon *Schiffman*'s resolution. *See, Id.* at 9.

However, unlike Defendants here, the defendants in *Schiffman* had not defaulted; instead, they had opposed the plaintiff's summary judgment motion by raising, *inter alia*, plaintiff's failure

2

to comply with RPAPL § 1304 as a defense.  *See, Schiffman*, 36 N.Y.3d at 554.  Thus, given *Schiffman*'s procedural posture, neither the Second Circuit nor the New York State Court of Appeals reached the question now before this Court of whether a court should assess independently a plaintiff's compliance with RPAPL § 1304 if the defendants did not appear or interpose an answer, and, thus, defaulted.

Nonetheless, upon *Schiffman*'s resolution, Plaintiff filed a motion to reopen the case, which the Court granted on September 7, 2021 giving Plaintiff leave to renew its default judgment motion.  *See, CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550 (2021); Plf.'s Mot. to Reopen, Dkt. Entry No. 38; Electronic Order dated September 7, 2021.  The Court also directed Plaintiff to submit supplemental documentation to support its damages claims given the deficient support Plaintiff had submitted in connection with its first motion.  *See,* Electronic Order dated September 7, 2021.

On October 5, 2021, Plaintiff filed its renewed motion for default judgment.  *See,* Plf.'s Renewed Mot., Dkt. Entry No. 40; Plf.'s Memorandum of Law in Support of its Renewed Motion ("Plf.'s Mem."), Dkt. Entry No. 41.  Notably, and notwithstanding Plaintiff's awareness that *Schiffman*'s resolution failed to provide clarity as to whether a court should assess *sua sponte* a plaintiff's compliance with RPAPL § 1304 on a default judgment motion, Plaintiff did not raise any argument contending that it is not required to demonstrate compliance with RPAPL § 1304 in this case.  *See, Id.* at 17-18.  Instead, Plaintiff argued only that, "[a]lthough the defaulting Defendants did not allege any statutory defenses, the Plaintiff through the Affidavit established compliance with, *inter alia*, the pre-foreclosure notice requirements of RPAPL §1304[.]"  *Id.*

Plaintiff's renewed motion seeks default judgment against the Individual Defendants as mortgagors, and against the Suffolk County Defendants as alleged subordinate lienholders and necessary defendants.  *See, Id.*  It also requests a judgment of foreclosure and sale; damages under

the note, mortgage, and loan modification agreement (collectively, the "Loan Documents"); and attorney's costs related to the prosecution of this action.[1] *See*, *Id*. at 19-20. Defendants did not oppose the motion. The motion was referred to the magistrate judge and, on May 10, 2022, the Honorable Cheryl L. Pollak, Chief United States Magistrate Judge, issued the instant R&R, recommending the Court deny the motion in its entirety without prejudice.[2] *See,* R&R, Dkt. Entry No. 48. Plaintiff objected timely to the R&R.[3] *See,* Plf.'s Objs., Dkt. Entry No. 50.

For the reasons set forth below, the R&R is adopted in part and rejected in part, and Plaintiff's motion for default judgment, including all damages and other relief requested therein, is denied without prejudice to renew consistent with this Memorandum and Order.

## LEGAL STANDARD

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects. *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL

---

[1] Plaintiff's motion also requests that this action be dismissed voluntarily pursuant to Fed. R. Civ. P. § 41(a)(2) against DCFS Trust, which Plaintiff contends is a defendant that it never served because it determined it was not a necessary defendant. *See*, Plf.'s Renewed Mot., at 1; Plf.'s Mem. at 2. However, DCFS Trust does not appear to have been named as a defendant in the Complaint nor does DCFS Trust appear as a party on the docket. As such, this motion is denied.

[2] The Court assumes the parties' familiarity with the facts and procedural posture of this case as set forth by the magistrate judge in both the October 29, 2020 R&R and the instant May 10, 2022 R&R.

[3] Unless otherwise noted, all references to "the R&R" made throughout the remainder of this Order refer to the second R&R issued on May 10, 2022.

4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted).

On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).  Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted).  Separately, when there is no objection "to a magistrate judge's recommendation, the recommendation is reviewed, at most, for 'clear error.'" *Barrera v. F & A Rest. Corp.*, 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983)).  After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## DISCUSSION

RPAPL § 1304 instructs that, at least ninety days before commencing a foreclosure action, a plaintiff must send notice "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage."  RPAPL §§ 1304(1), (2).  "'Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.'" *Schiffman*, 948 F.3d at 533 (*quoting Deutsche Bank*

*Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 961 (2d Dep't 2013)). However, it remains unsettled whether compliance with RPAPL § 1304 is a defense that must be raised by the defendant to a foreclosure action, as intermediate New York state courts have held, or whether, in the context of a default by the defendant, a court should review compliance with RPAPL § 1304 independently, as a number of federal courts in the Second Circuit, and particularly in this district, have held. *See,* Order dated March 31, 2021, at 5 (citing *Windward Bora, LLC v. Thompson*, 2020 WL 1242828, at *4 n.6 (E.D.N.Y. Mar. 16, 2020)).

Here, the magistrate judge explained that, absent any argument in Plaintiff's renewed motion as to whether or why this Court should not follow the federal precedent requiring a *sua sponte* assessment of a plaintiff's compliance with RPAPL § 1304 on a default judgment motion, such an assessment would ensue. *See,* R&R at 11-12. In undertaking such an assessment, the magistrate judge found Plaintiff's proof of compliance with RPAPL § 1304 insufficient and, thus, recommended that the Court deny Plaintiff's renewed default judgment motion in its entirety on that ground. *Id.* at 13. The magistrate judge also found that Plaintiff's proof of damages remained deficient and, thus, further recommended that, even if the Court were to find in Plaintiff's favor on the RPAPL § 1304 notice requirement, the motion still should be denied in its entirety without prejudice to renew upon the submission of additional evidence to support the damages requested under the Loan Documents. *Id.* at 13-15.

Plaintiff objects to the R&R on two grounds. First, Plaintiff contends that the magistrate judge erred by considering Plaintiff's compliance with RPAPL § 1304 *sua sponte*. Plf.'s Objs. at 2-7. Second, Plaintiff contends that it has submitted sufficient evidence to substantiate the requested damages and, therefore, its default judgment motion should be granted. *Id*. at 7-8. Plaintiff did not object to portion of the R&R that considered and found Plaintiff's proof

concerning compliance with RPAPL § 1304's notice requirement insufficient to support granting the default judgment motion.  *See,* R&R at 12-13.

For the reasons set forth below, and upon due consideration of the R&R and Plaintiff's objections thereto, the Court finds that: (1) Plaintiff's compliance with RPAPL § 1304 should not be considered *sua sponte* and, thus, Plaintiff's failure to establish compliance with RPAPL § 1304 does not preclude it from prevailing on its default judgment motion; and (2) although Plaintiff has established liability against the Individual Defendants, Plaintiff has failed to submit sufficient evidence to substantiate any of its requested damages.  Accordingly, the R&R is rejected as to the magistrate judge's recommendation that the motion be denied for Plaintiff's failure to establish compliance with RPAPL § 1304, and is adopted as to the magistrate judge's recommendation that Plaintiff's default judgment motion be denied without prejudice to renew upon the submission of additional evidence to substantiate the requested damages.

## I.      Plaintiff's First Objection: Consideration of RPAPL § 1304

In support of its first objection as to the magistrate judge's *sua sponte* consideration of its compliance with RPAPL § 1304, Plaintiff cites to New York intermediate appellate court decisions finding that the failure to comply with RPAPL § 1304 is a non-jurisdictional defense and, thus, a plaintiff is not required to show, nor should a court consider *sua sponte*, compliance with RPAPL § 1304 where the borrower does not raise it as a defense.  *See*, Plf.'s Objs. at 4-5 (collecting cases). Plaintiff asserts that a federal court construing New York law is bound by the law as interpreted by the New York State Court of Appeals, but where, as here, the New York State Court of Appeals has not addressed an issue, federal courts may consider state intermediate appellate court precedent as a helpful indicator of how the New York State Court of Appeals may rule.  *Id*. at 4.  Plaintiff also cites to RPAPL § 1302(2), which refers to a violation of RPAPL § 1304 as a "defense" to a

mortgage foreclosure action.  *Id.*  Plaintiff contends that the magistrate judge's reliance on the federal decisions from this district was misplaced because those decisions are inconsistent with both the statutory text and "unequivocal" New York intermediate appellate court precedent.  *Id.* at 6-7.  Plaintiff also asserts that the New York intermediate appellate court precedent is consistent with Second Circuit precedent finding generally that courts should not raise *sua sponte* non-jurisdictional defenses not raised by the parties and that the Court here is bound by the doctrine of *stare decisis* to adhere to such precedent.  *Id.* at 6-7 (citing *Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) (discussing non-jurisdictional defenses in the context of the Antiterrorism and Effective Death Penalty Act (AEDPA) and 28 U.S.C. § 2254 habeas petitions)).

Although Plaintiff's arguments may have some merit, they are raised improperly for the first time on objection, and, thus, the Court is under no obligation to consider them.  *See, Faison v. Comm'r of Soc. Sec.*, 2020 WL 1528152, at *2 (S.D.N.Y. Mar. 31, 2020).  As mentioned above, a party may not oppose an R&R by asserting new arguments and case law that could have been presented to the magistrate judge in the first instance but were not.  *See, Ferreira v. Carranza*, 2022 WL 34610, at *2 (E.D.N.Y. Jan. 4, 2022) (citation omitted); *E. Sav. Bank, FSB v. Johnson*, 2020 WL 1452461, at *1 (E.D.N.Y. Mar. 25, 2020); *Iacob v. http://re.brooklyn-flatbush.com/midtown-renter-hit-with-300k-lawsuit-for-using-airbnb/*, 2020 WL 2570358, at *2 (S.D.N.Y. May 21, 2020) (citation omitted).

Here, Plaintiff's objection regarding RPAPL § 1304 differs significantly from the argument it presented to the magistrate judge in its opening default judgment motion.  *Compare* Plf.'s Mem. at 17-18 *with* Plf.'s Objs at 4-7.  As discussed above, Plaintiff did not raise in its opening motion any argument contending that it is not required to demonstrate compliance with RPAPL § 1304.  *See,* Plf.'s Mem. at 17-18.  Nor did Plaintiff cite any of the cases on which it now relies and that

were available to it at that time.  *See, Id.*  Plaintiff's failure to raise these arguments in its opening motion is inexcusable for two reasons.  First, Plaintiff already was aware of, and intimately familiar with, many of the arguments it now raises on objection because it raised them before this Court in connection with its objections to the first R&R issued on October 29, 2020.  *Compare* Plf.'s First Objs at 1-3 *with* Plf.'s Objs at 4-7.  Second, Plaintiff was on notice that these arguments would have continued relevance upon renewal of its motion because, as Plaintiff itself notes in its objections to the instant R&R, *Schiffman* "did not address the question of whether a court should consider *sua sponte* if there was compliance with RPAPL §1304 in the context of a default by the defendant."  *See,* Plf.'s Objs. at 4.  For these reasons, the Court finds that the arguments and case law raised in this objection could, and should, have been brought before the magistrate judge.

Not only should these arguments and case law have been brought before the magistrate judge, but the magistrate judge's analysis and findings also were based in part on the absence of the very arguments that Plaintiff now raises on objection.  As explained above, the magistrate judge had prefaced the decision to assess Plaintiff's proof compliance with RPAPL § 1304 by pointing out the absence of any argument in Plaintiff's moving papers as to whether or why the Court should not undertake such an assessment.[4]

Notwithstanding the fact that, for the foregoing reasons, the Court need not consider Plaintiff's arguments in support of this objection, the Court finds that Plaintiff's objection and some of the arguments raised therein have merit in light of intervening case law.  In particular, the Court finds persuasive a recent decision issued by the Honorable Kiyo A. Matsumoto, United

---

[4] Plaintiff contends that the R&R "is silent with respect to the litany of New York State intermediate appellate precedent or why such axiomatic decisional law should be disregarded and ignored," but this ignores the fact that the magistrate judge explicitly had proceeded to analyze RPAPL § 1304's requirements because of Plaintiff's own failure to raise such arguments in its moving papers. *See,* R&R at 10-12; Plf.'s Objs at 7.  Notably, Plaintiff otherwise fails to provide any explanation for not making these arguments in its renewed motion before the magistrate judge initially.

States District Judge of this Court, wherein Judge Matsumoto held that the plaintiff was "not required to demonstrate its compliance with RPAPL 1304 in order to obtain a default judgment, since the failure to comply with RPAPL 1304 is not a jurisdictional defect, and that defense was not raised by [the defendants], who failed to answer the complaint." *Secretary of U.S. Dep't of Housing and Urban Dev. v. Rhodie as Co-Trustee of Lornice Rhodie Revocable Living Trust,* 2022 WL 3213048, at *4 (E.D.N.Y. Aug. 9, 2022) (citing to New York State Second Department Appellate Division cases) (internal quotation marks and citations omitted). Judge Matsumoto explained that, "[t]his court 'is bound to apply [state] law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion'" and found New York State Second Department Appellate Division cases persuasive given the absence of any guidance from the New York State Court of Appeals on this issue. *Id.* (quoting *Chufen Chen v. Dunkin' Brands, Inc*., 954 F.3d 492, 499 (2d Cir. 2020) (citation omitted). In recognizing, but declining to follow, other courts in this district that have reviewed compliance with RPAPL § 1304 in the default judgment context, Judge Matsumoto pointed out that "none of th[o]se courts ha[s] engaged…with the countervailing Appellate Division cases" that Judge Matsumoto found persuasive. *Id.* (citation omitted).

Thus, despite Plaintiff's failure to raise its arguments regarding RPAPL § 1304 in its opening motion, and despite finding no clear error as to the magistrate judge's unopposed finding that Plaintiff provided insufficient proof of RPAPL § 1304 notice, the Court adopts the analysis set forth by Judge Matsumoto and holds that, because the failure to comply with RPAPL § 1304 is a non-jurisdictional defect, "Plaintiff's failure to establish compliance with [RPAPL §] 1304 does not preclude the entry of default judgment." *See*, *Rhodie,* 2022 WL 3213048, at *4. Given

the frequency with which this issue arises, this Court respectfully submits that the issue is one that should be certified as a question to the New York State Court of Appeals.

However, a defendant's default "does not necessarily conclusively establish…[a] defendant[s'] liability." *Rhodie,* 2022 WL 3213048, at *2 (internal quotations marks and citations omitted). Instead, "the court must determine whether the plaintiff's allegations establish the defendant's liability" or, in other words, "whether the plaintiff has stated a cause of action." *Id.*; *Freedom Mortg. Corp. v. Jett*, 2019 WL 3714795, *2-4 (E.D.N.Y. May 23, 2019) (internal quotation marks and citations omitted), *report & recommendation adopted*, 2019 WL 3805103 (E.D.N.Y. Aug. 13, 2019). Thus, prior to addressing damages, the Court must determine if Plaintiff has made a *prima facie* showing of Defendants' liability as to warrant default judgment.

Although the magistrate judge made no determination as to Defendants' liability, the Court has reviewed the Complaint and documentation submitted by Plaintiff and finds that, for the following reasons, Plaintiff adequately has pled a *prima facie* case against the Individual Defendants, but not against the Suffolk County Defendants. As such, Plaintiff's default judgment motion as to the Suffolk County Defendants is denied without prejudice to renew upon the submission of further information consistent with this Memorandum and Order.

Furthermore, for the reasons set forth in Section II, below, the Court concurs with the magistrate judge's finding that Plaintiff failed to submit sufficient evidence to substantiate any of its requested damages. Thus, although Plaintiff established a *prima facie* case as to liability against the Individual Defendants, Plaintiff's motion for default judgment as to the Individual Defendants also is denied without prejudice to renew upon the submission of further evidence to substantiate the damages and other costs requested consistent with this Memorandum and Order. *See, Onewest Bank, N.A. v. Hawkins*, 2015 WL 5706945, at *4 (E.D.N.Y. Sept. 2, 2015) ("The court has

significant discretion and may consider a number of factors in deciding whether to grant a default judgment," including, *inter alia*, "whether the facts alleged in the complaint state a valid cause of action [and] whether there are unresolved questions regarding material issues of fact as to liability or damages[.]") *report & recommendation adopted,* 2015 WL 5706953, at *1-2 (E.D.N.Y. Sept. 28, 2015).

### A.    Liability

As to the Individual Defendants, Plaintiff seeks default judgment on its foreclosure claim. "Under New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment on the loan secured by the mortgage." *Rhodie,* 2022 WL 3213048, at *3 (internal quotation marks and citations omitted). First, Plaintiff has demonstrated the existence of the Mortgage and Note.[5] Mortgage, Dkt. Entry No. 8, at 12-31; Note, Dkt. Entry No. 8, at 4-11. Second, Plaintiff has established ownership over the Mortgage and Note by documenting the assignments from Mortgage Electronic Registration Systems Inc. ("MERS"), as nominee for Approved Funding Corp., to BAC Home Loans Servicing; to Nationstar Mortgage LLC; and, ultimately, to Plaintiff. *See*, Compl. ¶¶ 2-3, 15-18; Assignments, Dkt. Entry No. 8, at 32-37, 55. Lastly, Plaintiff has established default under the provision of the Loan Modification Agreement requiring the Individual Defendants to make payments in accordance with the Note and Mortgage beginning on February 1, 2016, as the Complaint alleges that Defendants have failed to make such requisite payments. *See*, Compl. ¶¶ 19-20; Loan Modification Agreement, Dkt. Entry No. 8, at 40; *See, e.g., ARCPE Holding, LLC. v. 9Q4U5E LLC, et al*., 2021 WL 8316275, at *3 (E.D.N.Y.

---

[5] The Certificate of Merit attached to the Complaint, which was filed on February 8, 2019, purports to annex the Note, Mortgage, Assignment, and Loan Modification Agreement, but those documents do not appear to have been so annexed. *See*, Certificate of Merit, Dkt. Entry No. 1-3. Instead, those documents appear annexed to a version of the Certificate of Merit that was filed on March 22, 2019. *See*, Dkt. Entry No. 8.

Aug. 11, 2021) (finding allegations of failure to make payments due by a date certain under the terms of the note and mortgage sufficient to establish *prima facie* entitlement to foreclosure) *report & recommendation adopted*, 1:19-cv-06417-DLI-RER, Electronic Order dated September 7, 2021. Accordingly, Plaintiff has established a *prima facie* case against the Individual Defendants.

As to the Suffolk County Defendants, Plaintiff seeks default judgment on its claim to extinguish their Property interests because they allegedly hold liens against the Property that are subordinate to Plaintiff's Mortgage.  Compl. ¶ 9.  In this regard, a complaint must allege "'nominal liability,'—*i.e.,* that any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien."  *See, Jett*, 2019 WL 3714795, at *3-4.  Furthermore, pursuant to RPAPL § 202-a, "'[w]here a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property, the complaint shall set forth:…[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such' an entity a party to the action." [6]  *Empire Cmty. Dev., LLC. v. Giambalvo-West*, 2020 WL 9813022, at *6 (E.D.N.Y. Mar. 6, 2020) (quoting RPAPL § 202-a and analyzing allegations of nominal liability as to the Clerk of the Suffolk County District Court and the Suffolk County Traffic and Parking Violations Agency under RPAPL § 202-a's heightened pleading requirement) *report & recommendation adopted*, 2:19-cv-05341-DLI-RLM, Electronic Order dated March 27, 2020.

Here, the Complaint alleges only that each Suffolk County Defendant is "the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage."  Compl.

---

[6] Although it is unclear whether the Suffolk County Defendants are considered state agencies or city agencies for RPAPL purposes, the RPAPL provisions governing pleadings as to a state's interest and a city's interest both require "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making" the state or city a party defendant.  *See,* RPAPL §§ 202, 202-a.

¶¶ 8-9. "These bare allegations fail to satisfy the pleading requirement of N.Y. RPAPL § 202–a" and it is otherwise unclear where, if anywhere, Plaintiff has provided supporting documentation of the alleged liens. *See, Onewest Bank, N.A. v. Cole*, 2015 WL 4429014, at *4 (E.D.N.Y. July 17, 2015); *Empire Cmty. Dev., LLC.,* 2020 WL 9813022, at *6-7 (finding allegations as to Suffolk County agency defendants insufficient where complaint stated "neither the total sums of the liens owed by these defendants nor the nature of the interest in or lien on the real property," but still granting default judgment because plaintiff submitted documents showing liens totaling a sum certain for the agencies). Accordingly, Plaintiff has failed to establish a *prima facie* case against the Suffolk County Defendants and, thus, Plaintiff's default judgment motion as to the Suffolk County Defendants is denied without prejudice to renew upon the submission of documentation evidencing the alleged liens.

## II.    Plaintiff's Second Objection: Sufficiency of Damages Evidence

Even if a plaintiff adequately alleges a defendant's liability warranting default judgment, a plaintiff still must prove damages. *See, Eastern Sav. Bank, FSB v. Beach*, 2014 WL 923151, at *9 (E.D.N.Y. Mar. 10, 2014) (explaining that courts may decide whether a plaintiff has submitted sufficiently detailed affidavits and documentary evidence to support damages requested) (citations omitted). Plaintiff's second objection is that it has submitted sufficient evidence to support the requested damages amounts. Plf.'s Objs. at 7-10. In support of the damages it requests under the Loan Documents, Plaintiff has submitted the Affidavit of Anthony Younger and its exhibits (the "Younger Affidavit"), which include, *inter alia*, a copy of the loan modification agreement setting forth the principal balance and interest rate as modified by the agreement, copies of the other Loan Documents, and computer printouts that appear to show customer account activity and transaction

history (together, the "transaction records") related to the at-issue mortgage loan transaction.  *See,* Younger Aff., Dkt. Entry No. 42-6. [7]

Plaintiff contends that the Younger Affidavit and transaction records are sufficient to support all damages amounts requested for unpaid principal, deferred principal under the loan modification agreement, interest, late charges, hazard insurance disbursements, tax disbursements, and property inspection and preservation disbursements.  Plf.'s Objs. at 8-10.  However, the magistrate judge found Plaintiff's papers are insufficient to substantiate each such amount requested.  *See,* R&R at 13-15.  Upon *de novo* review, this Court agrees.

As to the requests for unpaid principal and interest, Plaintiff fails to explain why the requested amounts are warranted, how they were calculated, or how they are supported by Plaintiff's papers.  *See, Beach*, 2014 WL 923151, at *9-10 (awarding principal amount requested where it was corroborated by the transaction history submitted and awarding interest where plaintiff provided a breakdown of how the interest was analyzed and calculated).  Upon an independent review of Plaintiff's papers, the Court finds that the amounts set forth in the loan modification agreement for unpaid principal and deferred principal appear to match the amounts requested in the Younger Affidavit for the same, but Plaintiff has failed to show how its transaction records support these amounts.  The Younger Affidavit asserts that the amounts requested are due through September 25, 2021, but Plaintiff submitted transaction records dated through August 26, 2021 only.  *Compare* Younger Aff. at 3 *with Id.* at 65-132.  Additionally, as noted in the R&R, there is an unexplained reference on the transaction records to a "new loan" issued on October 19, 2012 in the amount of $286,106.04, which does not match any other of the loan information provided.  *See,* R&R at 14; *See also, Lightning 1179 LLC v. Rodriguez,* 2020 WL 7000902, at *7

---

[7] Citations to "Younger Aff." refer to the Younger Affidavit as well as its attached exhibits.

(E.D.N.Y. Sept. 18, 2020) (declining to award damages amounts requested in light of, *inter alia*, "inconsistencies in the record"), *report & recommendation adopted*, 2020 WL 6042000, *1-2 (E.D.N.Y. Oct. 13, 2020).  Furthermore, without an analysis of the interest that has accumulated on the principal amounts sought or an explanation for how the requested interest figure was computed, the Court cannot verify the amount of interest requested.  *See,* R&R at 14; *CIT Bank N.A. v. Schiffman*, 2022 WL 1085419, at *3 (E.D.N.Y. Feb. 16, 2022) (recommending award of interest where Plaintiff's affidavit provided its analysis and computations of the interest that had accrued in order to show how the amount requested was reached), *report & recommendation adopted*, 2022 WL 912520, at *1-2 (E.D.N.Y. Mar. 29, 2022).  Plaintiff cannot expect the Court to sift through its supporting documentation while engaging in guesswork to figure out how Plaintiff reached the amounts stated in the Younger Affidavit.

The Court similarly finds that it is unable to verify the amounts requested for late charges, hazard insurance disbursements, tax disbursements, property inspection disbursements, and preservation disbursements.  Plaintiff contends that the transaction records and Younger Affidavit are sufficient to demonstrate that these amounts are due to Plaintiff because they itemize each mortgage loan transaction and identify the type, date, and amount of each transaction.  Plf.'s Objs. at 9.  However, while the transaction records appear to include notations for these categories of charges, the Younger Affidavit fails to explain how the transaction records substantiate the total amounts that Plaintiff requests as to each category or how these requested totals otherwise were reached.  *See,* Younger Aff. at 65-132.  *See, Hawkins*, 2015 WL 5706945, at *8 (declining to award requested damages where plaintiff "failed to sufficiently explain the figures on the screen-print" submitted and otherwise failed to clearly set forth support for the amount requested),

Moreover, the Younger Affidavit fails to provide an itemization of the amounts requested for any of these categories other than for hazard insurance and tax disbursements, and, even with the itemization provided for those categories, Plaintiff fails to demonstrate how the transaction records substantiate the sum Plaintiff seeks for them. *See,* Younger Aff. at 3-6. First, the charges itemized for hazard insurance disbursements on the Younger Affidavit are dated through September 21, 2021, yet the transaction records reflect transaction and account activity occurring through August 26, 2021 only. *Compare Id.* at 3 *with Id.* at 80. Second, a significant number of the itemized charges labeled on the Younger Affidavit as hazard insurance disbursements inexplicably seem to correspond to flood insurance disbursement charges listed on the transaction records, not to hazard insurance disbursement charges. *Compare Id.* at 3-6 (listing, for example, a "hazard insurance" charge of $240.91 on August 20, 2021) *with Id.* at 80-132 (showing on the attached transaction records that, on August 20, 2021, there was only a "flood insurance disbursement" charge of $240.91). Third, the transaction records contain notations for "town tax" disbursements as well as for "town/boro" charges, but Plaintiff fails to explain which charges substantiate those itemized in the Younger Affidavit or why. *Id.* at 67-76, 83-129. Without any indication as to how the amounts sought were calculated or how the transaction records Plaintiff has now provided substantiate the amounts listed in the Younger Affidavit for each of these categories, the Court cannot verify the damages sought. *See,* R&R at 13-15.

For these same reasons, Plaintiff cannot legitimately support its objection that the proof of damages it has proffered is "substantially similar" to the proof this Court found sufficient in *Schiffman* or that it is akin to the "itemizations and schedules of payments and transactions" found sufficient in *United States v. Scott*. *See,* Plf.'s Objs. at 8-9 (citing *Schiffman*, 2022 WL 1085419, at *3-4); *Id.* at 10 (citing *United States v. Scott*, 2021 WL 4942076, at *3 (N.D.N.Y. Oct. 22,

2021)).  The plaintiff's affidavit in *Scott*, unlike Plaintiff's affidavit here, appended a "schedule" that itemized the individual transactions, including identifying the date and amount of each transaction, that it sought to recover for each category of damages requested, thus allowing the Court to verify how the attendant transaction records substantiated the amounts requested on the affidavit.  *Scott*, 2021 WL 4942076, at *3.  Similarly, the plaintiff in *Schiffman,* unlike Plaintiff here, provided an additional affirmation that explained how each of the total amounts requested in its affidavit were calculated or how the attendant transaction records otherwise substantiated those amounts.  *See*, *Schiffman*, 2022 WL 1085419, at *2-3 (finding "that the records support and are consistent with the calculations in plaintiff's affidavits.")

Notably, and for similar reasons, the Court finds meritless Plaintiff's contention that *Freedom Mortgage Corp. v. Jett*, cited in the R&R, "is distinguishable." *See,* Plf.'s Objs. at 10; R&R at 13-14 (citing *Jett*, 2019 WL 3714795, at *5-6).  Plaintiff asserts that *Jett* is distinguishable "because the foreclosing party did not submit business records in support of its request for damages, while the Plaintiff did so here."  *See,* Plf.'s Objs. at 10.  However, for the reasons discussed above, the Court finds that Plaintiff's submitted transaction records are insufficient to verify the damages requested; more information or explanation from Plaintiff is required.  Plaintiff also contends, without any elaboration, that, "in *Jett,* the [c]ourt granted the [p]laintiff a substantial sum of damages for unpaid principal and interest as well as late fees and disbursements." [8]  *Id.*  To the extent Plaintiff suggests that the Court should do the same here, the Court declines to do so. First, the court in *Jett* granted the plaintiff's requests for the unpaid principal and interest and "for fees and disbursements in connection with the filing fee" in the action only; it did not grant the

---

[8] The citation to *Jett* that Plaintiff provides in its objections in support of this contention appears inaccurate as the LEXIS reporter included in the citation corresponds to a civil rights action filed in the Southern District of Indiana titled *Gupta v. Melloh*, 2019 U.S. Dist. LEXIS 136863 (E.D.N.Y. Aug. 9, 2019).  Plf.'s Objs. at 10 (citing to *Freedom Mortg. Corp. v. Jett*, 2019 U.S. Dist. LEXIS 136863).

plaintiff's request for late charges or any of the other fees or disbursements.  *See, Jett*, 2019 WL 3714795, at *4-8.  Second, for the reasons discussed above, the Court concurs with the magistrate judge's finding that more information is needed from Plaintiff to assess the accuracy of the amounts requested, including for principal, interest, and late fees.  *See,* R&R at 13-15.

Accordingly, Plaintiff's objection as to its damages request is overruled and its default judgment motion is denied without prejudice to renew upon submission of additional evidence consistent with this Memorandum and Order.  Additionally, while the magistrate judge did not address Plaintiff's separate request for attorney's costs related to the prosecution of this action, Plaintiff did not object to their omission from the R&R.  *See,* Plf.'s Mem. at 20-21.  Thus, upon the resubmission of Plaintiff's motion consistent with this Memorandum and Order, Plaintiff is directed to clarify whether it maintains its request for such costs.

## **<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff's objections are sustained in part and overruled in part, and the R&R is: (1) rejected as to the recommendation that Plaintiff's motion be denied without prejudice for failing to establish compliance with RPAPL § 1304; and (2) adopted as to the recommendation that Plaintiff's motion be denied without prejudice for failing to submit sufficient evidence of its requested damages.  Accordingly, as set forth in this Memorandum and Order, Plaintiff's default judgment motion: (1) is denied as to the Individual Defendants, including as to Plaintiff's requests for damages, attorney's costs, a judgment of foreclosure and sale, and appointment of a referee, without prejudice to renew upon the submission of further information to substantiate the requested damages and costs; (2) is denied as to the Suffolk County Defendants without prejudice upon the submission of further information regarding the alleged liens held; and (3) is denied as to Plaintiff's request that the action be dismissed voluntarily against DCFS Trust,

which never was joined as a party in this action.  In renewing its motion for default judgment for the third time, Plaintiff is well advised to cure the deficiencies as noted in this Memorandum and Order.  Plaintiff may not be granted any additional opportunities to cure its deficient filings in the future.

SO ORDERED.

Dated: Brooklyn, New York
         September 30, 2022

_____
/s/
DORA L. IRIZARRY
United States District Judge